BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL No. 3104
In re Hotel Industry Sex Trafficking Litigation (No. II)

---

**Defendant G6's[1] Opposition to Plaintiffs' Motion for
Transfer of Actions to the Eastern District of Texas (Beaumont Division)**

Congress did not create the MDL for counsel's convenience. *See* 28 U.S.C. § 1407(a); *In re Anthracite Coal Antitrust Litig.*, 436 F. Supp. 402, 403 (J.P.M.L. 1977). Yet like the initial motion from Babin Law, the motion filed by Plaintiffs' counsel Provost Umphrey Law Firm, LLP suggests an MDL convenient for one participant: the moving plaintiffs' *counsel*. Babin Law proposed an industry-wide MDL in Columbus, Ohio, where it is headquartered; Provost Law proposes a G6-specific MDL in Beaumont, Texas, where it is headquartered.

Consolidating claims against one hotel brand does not benefit these highly individualized cases any more than consolidating claims against several hotel brands does. In either situation, these cases require local investigation and local proof of unique sex trafficking ventures, as this Panel previously recognized. *In re Hotel Indus. Sex Trafficking Litig.*, 433 F. Supp. 3d 1353, 1356 (J.P.M.L. 2020); *see* Ex. A (Transcript of Proceedings, *In re Hotel Indus. Sex Trafficking Litig. (I)*, MDL No. 2928 (J.P.M.L. Feb. 14, 2020), ECF No. 236) at 33:8–16 (reflecting Panel's consideration of brand-specific MDLs). Factual variation abounds, which is why a dozen plaintiffs, defendants, and amici representing trafficking victims **all** oppose centralization. *See, e.g.*, Responses in Opposition to Motion to Transfer, ECF Nos. 58, 59, 62, 64, 65, 67, 69, 70, 71, 73, 74, 88. Provost Law does not show that reconsideration is appropriate or centralization justified: its motion should be denied.

## DISCUSSION

**I.    A G6-specific MDL presents the same problems as an industry-wide MDL.**

Four years ago, the Panel identified seven examples of case-specific considerations that make these TVPRA cases ill-suited for consolidation: different alleged sex trafficking ventures, different

---

[1] This supplemental opposition brief is submitted on behalf of G6 Hospitality LLC, G6 Hospitality Franchising LLC, G6 Hospitality IP LLC, G6 Hospitality Property LLC, G6 Hospitality Purchasing LLC, and Motel 6 Operating L.P, consistent with the Panel's February 9, 2024 order, ECF No. 87.

indicia of sex trafficking, different owners and employees, different geographic locales, different time periods, different witnesses, and different hotel brands. *In re Hotel Indus. Sex Trafficking Litig.*, 433 F. Supp. 3d at 1356. This is a non-exhaustive list, of course—the Panel could have also pointed to the different safety, security, and operating policies in effect at each property, the different safety, security, and operating practices (e.g., law enforcement engagement and training, lighting and fencing, employee hiring and supervision practices, etc.) at each property, the different owners and ownership models at each property (i.e., franchised or company-owned),[2] or numerous other case-specific considerations central to these matters. By proposing a G6-specific MDL, Provost Law seeks to control for just one of these variables—the licensed brand name that appears on the property facades—but doing so presents at least three problems.

First, the notion of a G6-specific MDL is illusory. TVPRA suits typically involve allegations that to avoid detection a plaintiff was trafficked at multiple hotels under different brands, meaning that it is difficult to cleanly separate cases by brand. This is a reality that a different plaintiff's attorney recognized four years ago when then-Panel member and current Eastern District of Missouri Senior District Court Judge Catherine Perry asked why brand-specific MDLs were not appropriate: "I think that you would see the hundreds of cases against Wyndham, Marriott, often with the same Plaintiff, unfortunately, this week I'm at the Marriott, next week I'm at the Hilton, next week I'm at the Hyatt, and it's the same processes over and over again." *See* Ex. A at 34:2–6. Brand-specific MDLs will necessarily require many plaintiffs to file several suits in different courthouses, and perhaps undergo multiple sets of discovery, depositions, and medical examinations. This is not a good outcome for anyone, and certainly not for the plaintiff.[3]

---

[2] Even calling G6 a "franchisor" masks the inherent variation in G6's management of properties: some properties were owned and operated by G6, some were franchised by G6, and others were owned and then franchised (or the opposite) during the alleged trafficking period.

[3] Plaintiff S.A.S.'s situation is illustrative of what will happen if Provost's request is granted. Provost Law filed two lawsuits on her behalf—one against G6 in Texas and one against Hilton in Washington—with no apparent coordination between the cases and no guard against inconsistent rulings regarding the same trafficking venture. *See Doe v. G6 Hospitality LLC*, No. 23-cv-00169 (E.D.

Second, even if the TVPRA cases could cleanly be divided among brands (*they cannot*), Provost Law's proposal does not confront the necessarily and predominantly individualized nature of a TVPRA claim. The predominant view of the TVPRA is that each plaintiff must establish that the hotel defendant at issue "has actual or constructive knowledge that the venture in which they participated and from which they benefited violated the TVPRA" **as to that plaintiff.** *Doe v. Red Roof Inns, Inc.*, 21 F.4th 714, 725 (11th Cir. 2021). In other words, discovery must establish what indicia of the alleged trafficking existed, who saw that alleged trafficking, how staff responded to the alleged trafficking, and what law enforcement and stay records corroborate the alleged trafficking, as some examples. *See, e.g.*, Southern Plaintiffs' Opposition to Multidistrict Litigation, ECF No. 59, at 4–5 (identifying location-specific considerations from a plaintiff's perspective).

This point is made more apparent by even a cursory look at the 24 "G6" cases Provost Law proposes to transfer. They include 24 different plaintiffs alleging unique trafficking experiences in 34 cities spread across 11 states from Washington to Georgia over the span of 15 years. The cases involve 33 unique local franchisees, all of whom will have pertinent documents and whose hundreds of staff members and employees will provide testimony. And outside of G6, the suits name 14 other hotel defendants completely unaffiliated with G6, and relevant third-party discovery will be directed towards dozens of different local law enforcement agencies, health care providers, and workplaces. The factual variation only increases with each case added or "tagged" into a proposed consolidated MDL.

Third, Provost Law does not account for the common and significant problems that arise when a plaintiff sues the wrong hotel brand. Like other hotel brands facing TVPRA suits, G6 has been voluntarily dismissed numerous times by plaintiffs who concede to having mis-remembered the time or location of the alleged trafficking. *See, e.g.*, *Doe v. G6 Hospitality LLC*, 23-cv-00186 (E.D. Tex. Nov. 17, 2023) (voluntarily dismissed because hotel was not operated as a Motel 6 during alleged trafficking period); *Doe v. JRD Partnership*, 23-cv-00928 (M.D. Tenn. Sept. 25, 2023) (same). If a plaintiff alleging she was trafficked in Pennsylvania has her case transferred to Texas only to realize her alleged

---

Tex. Sept. 28, 2023); *Doe v. ESA P Portfolio, LLC*, No. 23-cv-06038 (W.D. Wash. Nov. 13, 2023). Brand-specific MDLs would make such inefficient litigation the norm, instead of the exception.

trafficking occurred at another branded or non-branded hotel down the street—a process that could take months or years to unfold in the context of an MDL—she would be back to square one in then seeking to bring suit against the proper defendant in Pennsylvania.

To be clear, presently, the current informal coordination of actions accounts for these issues and sorts itself out because *many* plaintiffs bring their suits locally or are directed by district courts properly applying 28 U.S.C. § 1404. And for the two sets of geographically dispersed plaintiffs somehow grouped by Provost Law or Babin Law, the informal coordination the Panel recognized is playing out without the need to disturb other local suits seeking local justice.

For all these reasons, and those previously cited by G6 and other parties opposing centralization, TVPRA claims are not amenable to centralization. Each plaintiff's case is incredibly individualized and should be treated as such.

## II.     The Eastern District of Texas' Beaumont Division should not host a TVPRA MDL.

No MDL is appropriate for these highly individualized claims and brand-specific MDLs will only exacerbate rather than resolve the Panel's previously stated concerns. But if the Panel disagrees, there are better locations than the Beaumont Division of the Eastern District of Texas. To determine an appropriate forum, the Panel must consider: (1) ease of access; (2) MDL experience; and (3) court congestion to determine the appropriate MDL district. *See In re: APower Energy Generation Sys., Ltd. Sec. Litig.*, 829 F. Supp. 2d 1382, 1383 (J.P.M.L. 2011); *In re Merscorp Inc., Real Estate Settlement Procedures Act (RESPA) Litig.*, 473 F. Supp. 2d 1379, 1380 (J.P.M.L. 2007); *In re Career Acad. Antitrust Litig.*, 342 F. Supp. 753, 754 (J.P.M.L. 1972). None of these factors favor Provost Law's proposal.

First, the Division is not accessible. The courthouse is in Beaumont, Texas, which is a 90-mile drive from the nearest major airport.[4] The Beaumont Division is appreciably harder to reach than any of the other proposed MDL districts, weighing against assignment of a TVPRA MDL there.

---

[4] There are no direct flights from other states into Beaumont's sole commercial airport, Jack Brooks Regional Airport. Instead, plaintiffs, witnesses, and counsel attending pre-trial matters need to fly to Dallas Fort Worth and then pay for an additional hour-and-a-half flight on Envoy Air, the sole commercial airline that serves Beaumont. The single airport terminal has limited Uber and Lyft access. Beaumont is difficult to reach even for most Texans, let alone all those out-of-state.

Second, the Beaumont Division has limited experience with MDLs: a single products liability MDL hosted a quarter-century ago by now-Senior District Court Judge Richard Schell, who no longer sits in Beaumont. *See In re Norplant Contraceptive Prods. Liability Litig.*, MDL No. 1038 (Sept. 14, 1994). While both judges currently sitting in Beaumont, District Court Judges Michael Truncale and Marcia Crone, are well-regarded jurists, neither has ever presided over an MDL, much less an MDL of this complexity. This too weighs against assignment of a TVPRA MDL to the Beaumont Division.

Third, the Beaumont Division does not appear equipped to handle the demands of an MDL. Judge Truncale is one of just two judges in the Beaumont Division and is also the **only** judge in the Lufkin Division, meaning that centralizing an MDL before him would impede the docket flow of not just one, but two courthouses in the District. Indeed, despite ordering formal coordination across the docket of 24 G6 cases currently pending, Judge Truncale has yet to rule on any of the more than 30 motions fully briefed before the Court, including motions for protective orders, motions to dismiss, motions to change venue, and a motion for expedited discovery to address an exigent spoliation issue. Adding dozens of other TVPRA cases to the caseload is not prudent.

And, finally, other judges around the country have more experience with TVPRA cases *and* MDL cases, such as Northern District of Texas Senior District Court Judge Barbara Lynn (who sits significantly closer to G6's headquarters than Beaumont). She has proven able to quickly mete out justice given her prior work, recent handling of TVPRA cases, and experience with MDLs. *See, e.g.*, *In re Iron Oak Techs., LLC, Patent Litig.*, MDL No. 2835 (J.P.M.L. June 12, 2018); *In re Indus. Print Techs., LLC Patent Litig.*, MDL No. 2614 (J.P.M.L. Apr. 10, 2015); *E.S. v. Best W. Int'l, Inc.*, 510 F. Supp. 3d 420, 424 (N.D. Tex. 2021) (ruling on motion to dismiss TVPRA claim).

## CONCLUSION

Provost Law has failed to satisfy its burden to show that the Panel should reconsider its 2020 decision. It remains that there is no common question of fact among Provost Law's proposed cases for transfer, and that centralization is inappropriate. G6 respectfully asks the Panel to deny Provost Law's motion to establish a G6-specific MDL.

| | |
|---|---|
| Dated: February 14, 2024 | DLA Piper LLP (US) |

*/s/ Angela C. Agrusa*
_____
Angela C. Agrusa (Cal. Bar No. 131337)
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, California 90067-4704
(310) 500-3591
(310) 595-3300 fax
angela.agrusa@us.dlapiper.com

Whitney C. Cloud (Penn. Bar No. 331157)
One Liberty Place
1650 Market Street
Suite 5000
Philadelphia, Pennsylvania 19103-7300
(215) 656-3300
(215) 656-3301 fax

Counsel for Defendants G6 Hospitality LLC, G6 Hospitality Franchising LLC, G6 Hospitality IP LLC, G6 Hospitality Property LLC, G6 Hospitality Purchasing LLC, and Motel 6 Operating L.P.