**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In re:  Hotel Industry Sex Trafficking Litigation II        MDL No. 3104

**WYNDHAM HOTELS & RESORTS, INC.'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR TRANSFER OF G6 HOSPITALITY LLC ACTIONS TO THE EASTERN DISTRICT OF TEXAS (BEAUMONT DIVISION)**

Wyndham Hotels & Resorts, Inc. ("Wyndham") submits this supplemental response in opposition to Plaintiffs' Motion for Transfer of G6 Hospitality LLC Actions (ECF No. 72) (the "G6 MDL Motion") in accordance with the Panel's Order (ECF No. 87). The G6 MDL Motion, filed by the Provost Umphrey Law Firm, seeks to consolidate forty-three actions involving G6 Hospitality LLC ("G6") in Beaumont, Texas, where the Provost Firm is based. The Provost Firm proposes "a single specific Franchisor/Brand MDL" limited to cases involving G6 as an alternative to "an unwieldy multi-franchisor-franchisee consolidation" in Columbus, Ohio. ECF No. 72 at 2, 4.[1] Wyndham is a defendant in three actions identified in Exhibit 2. ECF No. 72-3.

The Provost Firm seems to be approaching consolidation incrementally, using G6 as a stalking horse in the hope of seeking a series of "single specific Franchisor/Brand MDLs" in the future. ECF No. 72 at 2. In fact, the Provost Firm's co-counsel in most of its cases (Annie McAdams PC) submitted a companion response requesting "the Panel to form seven (7) separate MDLs" based on the seven groups of hotel defendants identified in the Second MDL Motion. ECF No. 75 at 1. Wyndham opposes the G6 MDL Motion for the following reasons: (1) the Panel

---

[1]  Counsel is correct that the consolidation proposed in the Second MDL Motion (ECF No. 1) would be "unwieldly." As stated in the Panel's 2020 Order Denying Transfer, "each action involves different alleged sex trafficking ventures, different hotel brands, different owners and employees, different geographic locales, different witnesses, different indicia of sex trafficking, and different time periods." *In re Hotel Industry Sex Trafficking Litig.*, 433 F. Supp. 3d 1353, 1356 (J.P.M.L. 2020).

1

previously determined that, even among cases involving a particular "brand" of hotel, there are few common facts and myriad factual differences among the allegations, such as different plaintiffs, traffickers, hotels, franchisees, employees, locations, witnesses, trafficking periods, and indicia of trafficking; (2) Wyndham has franchised hotels under more than twenty different brands, acquired and integrated at different times, and franchised by different franchisors through different franchise agreements and subject to different brand standards; and (3) the proposed transfer of three cases in which both Wyndham and G6 are defendants would disrupt existing schedules and inconvenience parties and witnesses.[2]

### 1. The Panel's Prior Reasoning In Denying Transfer Applies To A Brand Specific MDL.

Like the Second MDL Motion, the cases at issue in the G6 MDL Motion revolve around allegations of criminal conduct by third-party traffickers against particular plaintiffs *at particular hotels*. The Panel's 2020 Order Denying Transfer acknowledged this basic factual distinction: "We recognize the seriousness of these allegations and are sympathetic to counsel's concern for the fair treatment of victims. But the concerns they have raised do not satisfy the requirements of Section 1407. The vast majority of actions involve different hotels, with the sole exception of the four Jane Doe actions in the Northern District of Georgia." *In re Hotel Industry Sex Trafficking Litig.*, 433 F. Supp. 3d at 1355-56. Addressing this issue, one district court recently rejected a plaintiff's motion to stay pending the Panel's determination of the Second MDL Motion because that case presented "only few common factual questions with other sex trafficking cases" because, among

---

[2] The three cases in Schedule 2 (ECF No. 72-3) are: *E.B. v. Howard Johnson by Wyndham Newark Airport*, No. 21-cv-2901 (D.N.J.), filed on October 28, 2020 and alleging trafficking in Newark, New Jersey; *A.R. v. Wyndham Hotels & Resorts, Inc.*, No. 21-cv-4935 (S.D. Ohio), filed on October 2, 2021 and alleging trafficking in Columbus, Ohio; *S.R. v. Wyndham Hotels & Resorts, Inc.*, No. 23-cv-1731 (S.D. Ohio), filed on May 23, 2023 (initially filed on July 19, 2022 under No. 22-cv-2861) and alleging trafficking in Columbus, Ohio.

other reasons, the plaintiff alleged that "she was trafficked at four different hotels …." *S.C. v. Wyndham Hotels & Resorts, Inc.*, No. 23-cv-00871, 2024 WL 308298, at *1-2 (N.D. Ohio Jan. 27, 2024). An analysis of the elements of a TVPRA claim "is specific to the particular plaintiff and sex trafficking venture involved in a case" and "[a]though there might be common factual questions about how much a given hotel group generally knows about sex trafficking problems in their hotels, such general knowledge is only minimally relevant to TVPRA claims." *Id.* at *2.

  The Provost Firm ignores the Panel's recognition of the factual distinctions between cases involving different plaintiffs, traffickers, and hotels, whether or not operating under the same brand, and argues that the factual issues would be the same. That position defies common sense and contradicts factual distinctions that plaintiffs themselves allege.  One recent example is illustrative. In opposing Wyndham's motion to dismiss a case alleging trafficking in 2013 at a franchised hotel in Anaheim, California, the plaintiff, represented by the Provost Firm, argued that "sex trafficking was a problem at the Days Inn Anaheim West specifically" because the hotel "was in a high crime area" and based on allegations that "the traffickers made specific requests of and were known to hotel staff." Plaintiff's Opp'n to Defs' Mot. to Dismiss at 8-9 (ECF No. 67), *A.M.L. v. Wyndham Hotels & Resorts, et al.*, No. 23-cv-1554 (C.D. Cal. Feb. 5, 2024). The Provost Firm filed this memorandum two days prior to filing the G6 MDL Motion.

  Participant liability under the TVPRA hinges on fact specific questions of whether a particular defendant knowingly benefitted from participating in a particular venture that operated at a particular hotel that a defendant knew or should have known was engaged in sex trafficking. The Provost Firm opposes the Second MDL Motion because it would result in "an unwieldy multi-franchisor-franchisee consolidation." ECF No. 72 at 4. Even if a brand-specific MDL might be slightly less unwieldy, it still fails to satisfy Section 1407.

### 2. Wyndham, Like Many Hotel Franchise Companies, Franchises Numerous Brands Through Separate Franchisors.

The Provost Firm seeks consolidation of G6 cases, but it is careful to avoid any suggestion that this is the only such application it will file, and their co-counsel makes clear that the strategy is to use the G6 MDL Motion as the first step in seeking multiple brand or defendant specific MDLs. The suggestion that consolidation by brand or defendant eliminates the factual distinctions that were identified in the 2020 Order Denying Transfer is simply wrong. Wyndham, for example, currently has approximately 9,000 franchised and affiliated hotels operating more than twenty brands within multiple tiers (economy, midscale, upscale, and luxury) worldwide.[3] Franchisees, which include sole proprietors and institutional investors, generally enter into franchise agreements with terms ranging from ten to twenty years. *Id.* Wyndham has acquired several brands within the past ten years, including the La Quinta® brand, while divesting others, such as the Knights Inn® brand. *Id.* Each brand has unique and proprietary system standards, and each hotel is subject to an individual franchise agreement.

The idea of a brand or defendant specific MDL also overlooks the reality that most cases involve multiple defendants, including competitive brands, franchisees, and independent hotels where the only common element is the plaintiff. In seeking consolidation, the Provost Firm offers no suggestion of whether or how such cases should be litigated or severed and why the inclusion of one brand (in this instance, a brand owned by G6) should mean that the case is transferred to a district that is remote and inconvenient to the defendants, the witnesses, and the plaintiffs themselves. A brand-specific MDL would not solve any of the considerations that led to the Panel's Order Denying Transfer; if anything, it would exacerbate them.

---

[3] *See* Wyndham Hotels & Resorts, Inc.'s Form 10-K, Item 1. Business. (Dec. 31, 2022), available at https://investor.wyndhamhotels.com/financial-information/all-sec-filings/content/0001722684-23-000005/0001722684-23-000005.pdf.

### 3. Consolidation Of The Actions That Involve Wyndham Would Disrupt Those Cases And Inconvenience The Parties And Witnesses.

Even if the Panel were to grant the G6 MDL Motion, it should exclude the three cases in which G6 and Wyndham are identified on Schedule 2. As reflected in the following chart, none of these cases is appropriate for consolidation, which would disrupt rather than achieve efficiency given the age of the cases, their progress, the location of the hotels, and the number of defendants.

| Case | Alleged Conduct | Defendants | Status |
| --- | --- | --- | --- |
| E.B. (D.N.J.) | 2019-2020 at seven different hotels in New Jersey | Franchisors, parent companies, franchisees, and independent hotels | Fact discovery deadline of April 11, 2024 |
| A.R. (S.D. Ohio) | 2009-2015 at three different hotels in Columbus, Ohio | Wyndham, G6 and trade associations | Fact discovery deadline of April 29, 2024 |
| S.R. (S.D. Ohio) | 2008-2013 at three different hotels in Columbus, Ohio | Three separate brand/franchisor defendants | Motion to dismiss amended complaint pending |

Wyndham respectfully requests that the Panel deny the G6 MDL Motion and deny transfer to the Eastern District of Texas of any action in which Wyndham is a defendant.

Dated:  February 14, 2024

Respectfully submitted,

**DLA PIPER LLP (US)**

    */s/ David S. Sager*
David S. Sager
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
T:  973.520.2550
F:  973.215.2604
david.sager@us.dlapiper.com

*Counsel for Defendants Wyndham Hotels & Resorts, Inc., Wyndham Hotel Group, LLC, Days Inns Worldwide, Inc., Super 8 Worldwide, Inc., and Travelodge Hotels, Inc.*