**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

In re: Hotel Industry Sex                                                         MDL Docket No. 3104
Trafficking Litigation (No. II)

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S
RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION FOR TRANSFER OF ACTIONS TO THE EASTERN DISTRICT OF TEXAS
(BEAUMONT DIVISION) PURSUANT TO 28 U.S.C. § 1407 FOR
<u>CONSOLIDATED PRETRIAL PROCEEDINGS (ECF NO. 72)</u>**

In accordance with the Panel's February 9, 2024, Minute Order (ECF No. 87) and Panel Rule 6.2(d), Choice Hotels International, Inc. ("Choice") opposes Plaintiffs' Motion for Transfer of Actions to the Eastern District of Texas (Beaumont Division) Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings (ECF No. 72) ("Second Motion for Transfer"). Choice is not a party to the 24 actions discussed in the Second Motion for Transfer but is a party in one of the potential tag-along actions Plaintiffs identify (*E.C.*).[1] *See* ECF No. 87 ("Any party in a potential tag-along action may file an interested party response to the motion in this docket.").

Preliminarily, Choice incorporates by reference its arguments from its original Opposition to Plaintiffs' Motion for Transfer of Actions to the Southern District of Ohio (Eastern Division). *See* ECF No. 73. For the reasons Choice has already set forth, and as the Panel previously found (*see In re Hotel Sex Trafficking Litig.*, 433 F. Supp. 3d 1353 (J.P.M.L. 2020)), it is inappropriate to consolidate any of these actions, regardless of the forum.

*E.C.*, the one action in the Second Motion for Transfer potentially implicating Choice, perfectly exemplifies why these Plaintiffs' proposed MDL in the Eastern District of Texas is unworkable and undesirable. Although G6 Hospitality LLC, which is based in Texas, is a defendant, so too is Choice (based in Maryland), Red Roof Inns, Inc. (based in Ohio), and Red Roof Franchising, LLC (based in Ohio). *E.C.*, No. 22-cv-03811, ECF No. 1, ¶¶ 12-14. The plaintiff alleges that she was trafficked at a series of hotels in California. *Id.* ¶ 68. And plaintiff alleges that she is currently a resident and citizen of California. *Id.* ¶ 11. In other words, aside from G6 being based in Texas, this case has no connection to Texas whatsoever. Not only would it be burdensome for the parties to litigate this case in Texas, but it would also not be "convenien[t] [f]or the parties and witnesses," and not "promote the just and efficient conduct" of the case. 28 U.S.C. § 1407(a).

---

[1] *See* ECF No. 72-3 (identifying *E.C. v. Choice Hotels Int'l, Inc.*, No. 2:22-cv-3811 (S.D. Ohio)).

1

Moreover, consolidating cases would greatly complicate the tag-along process, as it is not clear the criteria that would determine where various cases are heard. As such, it would be inappropriate to include *E.C.* in any MDL, especially one in the Eastern District of Texas.

The Choice franchisor-franchisee relationships at issue here are incompatible with any kind of franchisor/brand-based MDL. Although the Second Motion for Transfer only explicitly requests "a single specific Franchisor/Brand MDL for those cases involving G6 Hospitality and its franchisees" (ECF No. 72 at 6), other Plaintiffs seek an alternative solution of "seven (7) separate MDLs, consolidating the cases at issue by Hotel" (ECF No. 75 at 1). Choice is a franchisor with 22 distinct brands.[2] Cases involving allegations under the TVPRA brought against Choice not only involve different alleged traffickers, hotels, locations, and timeframes, but they also involve separate Choice brands which each have unique franchise agreements and brand standards. *See, e.g.*, ECF No. 73-1 (demonstrating that for the seven Choice cases named in the original Motion for Transfer (ECF No. 1), allegations covered four different brands and ten different hotels in eight different cities over very different time periods). Choice has also acquired some of its brands at different times, including the acquisition of Radisson Hotels Americas in August 2022.[3] The differences in brand standards and franchise agreements are significant because each brand is unique – just as each franchisor is unique. And even as to different cases involving the same brand, there are different franchise agreements, different franchisees, different locations, different timeframes, and different traffickers. Consolidating all such cases in the Eastern District of Texas, the Southern District of Ohio, or anywhere else, makes little sense. Thus, any MDL grouped by

---

[2] Choice Hotels, *Our Family of Brands*, https://www.choicehotels.com/about/brands (last visited Feb. 13, 2024).
[3] Choice Hotels' News, *Choice Hotels International Completes Acquisition of Radisson Hotels Americas*, https://media.choicehotels.com/2022-08-11-Choice-Hotels-International-Completes-Acquisition-of-Radisson-Hotels-Americas (last visited Feb. 13, 2024).

franchisor or brand would not solve any of the problems Choice (and the Panel) have previously identified.

Finally, several new cases make clear why Plaintiffs' claims in these cases are unmeritorious and why it would be inappropriate to consolidate them before the Panel. First, before the Eleventh Circuit in *K.H. v. Riti, Inc.*, plaintiff sued Riti, Inc., the owner and manager[4] of the hotel where she was alleged to have been trafficked. No. 23-11682, 2024 WL 505063, at *1 (11th Cir. Feb. 9, 2024) (per curiam). Even so, in *K.H.*, the Eleventh Circuit affirmed the dismissal of the plaintiff's Complaint for failure to state a claim on similar allegations as those in many of the at-issue actions. 2024 WL 505063, at *4.

Second, in *Jane Doe (L.M.) v. 42 Hotel Raleigh, LLC, et al.*, No. 5:23-CV-235 (E.D.N.C. Feb. 13, 2024, Order) (ECF No. 36) (attached hereto as **Exhibit A**), a district court granted defendants' motions to dismiss in full. The court found the plaintiff failed to plead she was trafficked in violation of the TVPRA because despite alleging she was "trafficked," "was forced to have repeated visits from sex buyers," and exhibited "signs of trafficking," this did not allege any inference of force, threats, fraud, or coercion as required under the statute. *Id.* at 6-7. The court emphasized a "crucial distinction: that prostitution and sex trafficking by force or fraud are not coterminous." *Id.* at 7. It also found the plaintiff failed to adequately allege that defendants had actual or constructive knowledge of any trafficking because although it was "conceivable that plaintiff's allegations amount[ed] to constructive knowledge of prostitution," that was not the same as pleading "knowledge of sex trafficking by force or fraud." *Id.* at 8-15.

---

[4] Franchisor defendants like Choice are even further removed from alleged sex trafficking. *See G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 562 (7th Cir. 2023) (noting "[t]he franchisor defendants in that case were one step removed from the sex traffickers (i.e., street-level trafficker ->hotel->hotel franchisor)").

It would make little sense to consolidate actions that fail to state a claim. And it would be inappropriate to allow Plaintiffs' counsel to consolidate unrelated cases before handpicked judges, clearly in the minority with respect to the developing caselaw, merely because they are perceived to be friendly or in locations that are only convenient to Plaintiffs' counsel.

For the foregoing reasons, the Panel should reject consolidating these cases before the Eastern District of Texas or any other court.

Respectfully submitted this 14th day of February, 2024.

/s/ *Sara M. Turner*
Sara M. Turner
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**
420 20th Street North, Suite 1400
Birmingham, Alabama 35203
(205) 328-0480
smturner@bakerdonelson.com

*Attorneys for Defendant Choice Hotels International, Inc.*

4